error that rendered the plea allocution meaningless, inasmuch as defendant confirmed the actual identity of her accomplice at the court's prompting.

Finally, "[t]he contention of defendant that [she] was denied effective assistance of counsel survives the plea and waiver of the right to appeal only to the extent that '[she] contends that [her] plea was infected by the allegedly ineffective assistance and that [she] entered the plea because of [defense counsel's] allegedly poor performance' . . . We conclude, however, that defendant's contention lacks merit to that extent" (*People v Jacques*, 79 AD3d 1812, 1812-1813 [2010], *lv denied* 16 NY3d 896 [2011]). " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel' . . . , and that is the case here" (*People v Garner*, 86 AD3d 955, 956 [2011], quoting *People v Ford*, 86 NY2d 397, 404 [1995]). Present—Smith, J.P., Fahey, Peradotto, Carni and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DERRICK HAMILTON, Appellant, v HAROLD D. GRAHAM, Superintendent, Auburn Correctional Facility, Respondent. [937 NYS2d 664]—

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs. Present—Smith, J.P., Fahey, Peradotto, Carni and Sconiers, JJ.

■ In the Matter of JOHN C. MARINO, Respondent, v SHERRY L. MARINO, Respondent. SONALI R. SUVVARU, ESQ., Attorney for the Child, Appellant. [935 NYS2d 818]—

Memorandum: The Attorney for the Child appeals from an order that granted the petition of petitioner father seeking to modify the parties' prior custody agreement by awarding him sole custody of the parties' child. We note at the outset that, although Family Court may alter an existing custody agreement